No. 20-11046

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
—————————

UNITED STATES OF AMERICA,
*Plaintiff - Appellee*,

v.

DONALD RAY JOHNSON,
*Defendant - Appellant*
—————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS,
LUBBOCK DIVISION
—————————

**APPELLANT'S INITIAL BRIEF**
—————————

JASON D. HAWKINS
*Federal Public Defender*
Northern District of Texas

TAYLOR WILLS EDWARDS "T.W." BROWN
*Assistant Federal Public Defender*
Northern District of Texas
P.O. Box 17743
819 Taylor Street, Room 9A10
Fort Worth, TX 76102
(817) 978-2753
Taylor_W_Brown@fd.org
Texas Bar No. 24087225

Attorneys for Appellant

## CERTIFICATE OF INTERESTED PERSONS

(1) Number and style of the case below:  *United States of America v. Donald Ray Johnson*, No. 5:19-CR-015-C (01).

(2) The following people have an interest in this case.  This certificate should allow the judges of this Court to evaluate the need for disqualification or recusal.

| | |
|---|---|
| **DISTRICT COURT:** | The Honorable Sam R. Cummings |
| **UNITED STATES MAGISTRATE:** | The Honorable D. Gordon Bryant, Jr. |
| **APPELLANT:** | Donald Ray Johnson |
| **FEDERAL PUBLIC DEFENDER:** | Jason D. Hawkins |
| **ASS'T FEDERAL PUB. DEFENDERS:** | Lara Wynn<br>Taylor Wills Edwards "T.W." Brown |
| **UNITED STATES ATTORNEY:** | Erin Nealy Cox |
| **ASS'T U.S. ATTORNEYS:** | Stephen James Rancourt<br>Leigha Amy Simonton |

/s/ Taylor Wills Edwards "T.W." Brown
**TAYLOR WILLS EDWARDS "T.W." BROWN**
ATTORNEY OF RECORD FOR THE APPELLANT

**REQUEST FOR ORAL ARGUMENT**

This case warrants oral argument. This Court previously reversed and remanded for additional factual findings. *See United States v. Johnson*, 812 F. App'x 252, 253 (5th Cir. 2020). In response, the district court issued a one-page order, which simply refashioned the applicable relevant-conduct criteria as facts. *See* (ROA.93). The order neither engaged the previously compiled record nor developed additional evidence to support its disputed relevant-conduct conclusion. *See* (ROA.93). This bizarre procedure implicates the mandate rule, but this Court has not yet considered its application in this context. The "dispositive issue[]" remains undecided, and this Court should set the case for argument. *See* FED. R. APP. P. 34(a)(2)(B).

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS.............................................................. ii

REQUEST FOR ORAL ARGUMENT ..................................................................... iii

TABLE OF AUTHORITIES ................................................................................. v

JURISDICTIONAL STATEMENT ......................................................................... 1

ISSUES PRESENTED FOR APPEAL ..................................................................... 2

STATEMENT OF THE CASE ............................................................................... 2

    I.    Mr. Johnson won his initial appeal after challenging the district court's failure to make sufficient factual findings at sentencing ................................. 2

    II.   On remand, the district court copy-pasted the relevant legal criteria from this Court's opinion and restated those criteria as factual findings .............. 5

    III.  The district court refused to develop the record any further than that ........ 5

SUMMARY OF THE ARGUMENT.......................................................................... 7

ARGUMENT ...................................................................................................... 8

    I.   The district court did not comply with the mandate............................................ 8

        a.  Standard of review: this Court will apply the *de novo* standard to Mr. Johnson's initial claim on appeal ................................................................. 8

        b.  The district court was ordered "to provide the factual findings required to support its" relevant-conduct conclusion. It instead restated the legal criteria as facts and refused to develop the record any further than that. The mandate required more, and this Court should reverse ................... 9

II.   If the district court complied with the mandate, this Court should nevertheless reverse on the merits ....................................................................... 15

    a.  Standard of review:  this Court will apply the clear-error standard to Mr. Johnson's second claim on appeal ........................................................... 15

    b.  The district court's findings on remand were conclusory and cannot withstand clear-error review ...................................................... 16

CONCLUSION .................................................................................... 21

CERTIFICATE OF FILING AND SERVICE ................................................ 22

CERTIFICATE OF COMPLIANCE ........................................................... 23

## TABLE OF AUTHORITIES

### FEDERAL STATUTES

18 U.S.C. § 3231 .................................................................................... 1

18 U.S.C. § 3742 .................................................................................... 1

21 U.S.C. § 841 ..................................................................................... 1

28 U.S.C. § 1291 ................................................................................... 1

### FEDERAL RULES

FED. R. APP. P. 4 .................................................................................. 1

FED. R. APP. P. 34 ............................................................................... iii

FED. R. CRIM. P. 32 ...................................................................... 4, 10-11, 13

U.S. Sentencing Guidelines Manual

USSG § 1B1.3 ..................................................................... 2-4, 10-11, 13, 18

Federal Cases

*Boeta v. Federal Aviation Administration*, 736 F. App'x 453 (5th Cir. 2018) .................... 14

*League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*,
  675 F.3d 433 (5th Cir. 2012) ......................................................... 8-9, 15

*League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*,
  659 F.3d 421 (5th Cir. 2011) ............................................................ 15

*Sobley v. S. Natural Gas Co.*, 302 F.3d 325 (5th Cir. 2002) .................................. 8

*United States ex rel. Little v. Shell Exploration, Prod. Co.*,
  602 F. App'x 959 (5th Cir. 2015) ....................................................... 15

*United States v. Angulo*, 772 F. App'x 70 (5th Cir. 2019) ...............................15-16

*United States v. Barry*, 978 F.3d 214 (5th Cir. 2020) ........................................ 11

*United States v. Bernegger*, 661 F.3d 232 (5th Cir. 2011)................................11, 13-14, 16

*United States v. Carales-Villalta*, 617 F.3d 342 (5th Cir. 2010)....................................8, 15

*United States v. Cisneros-Gutierrez*, 517 F.3d 751 (5th Cir. 2008) ........................... 16

*United States v. Elwood*, 999 F.2d 814 (5th Cir. 1993) ...................................... 11

*United States v. Evbuomwan*, 992 F.2d 70 (5th Cir. 1993) .................................... 3

*United States v. Franco-Galvan*, 864 F.3d 338 (5th Cir. 2017)............................... 21

*United States v. Hammond*, 201 F.3d 346 (5th Cir. 1999) ................................12-13

*United States v. Hearns*, 713 F. App'x 276 (5th Cir. 2017) ..........................................10, 13

*United States v. Hearns*, 845 F.3d 641 (5th Cir. 2017) ....................................6, 9-14, 16-17

*United States v. Hooten*, 942 F.2d 878 (5th Cir. 1991) ........................................... 13

*United States v. Huskey*, 137 F.3d 283 (5th Cir. 1998) ........................................... 21

*United States v. Johnson*, 812 F. App'x 252 (5th Cir. 2020) ...................................iii, 3

*United States v. Jones*, 475 F.3d 701 (5th Cir. 2007) ........................................... 11

*United States v. Lghodaro*, 967 F.2d 1028 (5th Cir. 1992) ...................................12-13

*United States v. McCrimmon*, 443 F.3d 454 (5th Cir. 2006) ...........................................9, 14

*United States v. Narviz-Guerra*, 148 F.3d 530 (5th Cir. 1998) ........................................... 11

*United States v. Ortiz*, 613 F.3d 550 (5th Cir. 2010) ........................................... 16

*United States v. Pineiro*, 470 F.3d 200 (5th Cir. 2006) ........................................... 8

*United States v. Rhine*, 583 F.3d 878 (5th Cir. 2009) ........................................... 16

*United States v. Rico*, 864 F.3d 381 (5th Cir. 2017) ........................................... 11

*United States v. Rodriguez-Leos*, 953 F.3d 320 (5th Cir. 2020) ........................................... 16

*United States v. Smith*, 13 F.3d 860 (5th Cir. 1994) ................................................. 3, 19-20

*United States v. Teel*, 691 F.3d 578 (5th Cir. 2012) ...........................................9, 14

*United States v. Valdez*, 453 F.3d 252 (5th Cir. 2006) ...................................18-19

*United States v. Williams*, 610 F.3d 271 (5th Cir. 2010) ........................................... 16

*United States v. Wilson*, 116 F.3d 1066 (5th Cir. 1997)......................................................18

*United States v. Zapata-Lara*, 615 F.3d 388 (5th Cir. 2010).....................................4, 11, 13

# JURISDICTIONAL STATEMENT

This appeal is appropriately before the Court. At the outset, the district court had jurisdiction. 18 U.S.C. § 3231 gave the district court exclusive and original jurisdiction over all offenses against the United States. The government charged Mr. Johnson in the Northern District of Texas with an offense defined in Title 21 of the United States Code. (ROA.10-12) (citing 21 U.S.C. § 841(a)(1), (b)(1)(C)). In turn, this Court has jurisdiction over the ensuing appeal. 28 U.S.C. § 1291 gives this Court jurisdiction over all final district-court decision, and 18 U.S.C. § 3742 allows Mr. Johnson to challenge his sentence on appeal if it "was imposed in violation of law" or "as a result of an incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(a)(1)-(2). Mr. Johnson makes both arguments below and has appealed from the final judgment entered in his case. *See* (ROA.95-98). His appeal is also timely. Mr. Johnson must file a notice of appeal with the district court within 14 days of the final judgment. FED. R. APP. P. 4(b)(1)(A)(i). The district court published the judgment on October 13, 2020. *See* (ROA.8, 95). Mr. Johnson filed a notice of appeal later that day. *See* (ROA.8-9, 99).

## ISSUES PRESENTED FOR APPEAL

This case turns on two questions. First, did the district court's one-page order comply with this Court's instructions on remand? Second, if so, were its conclusory findings clearly erroneous?

## STATEMENT OF THE CASE

### I.      Mr. Johnson won his initial appeal after challenging the district court's failure to make sufficient factual findings at sentencing.

While executing a search warrant at a suspected trap house, police encountered Mr. Johnson in the kitchen. (ROA.151). They recovered approximately 40 grams of crack cocaine in the same room, and Mr. Johnson pleaded guilty to possessing those drugs with intent to distribute. (ROA.47). The police also found $2,015 in Mr. Johnson's pocket, another $831 on the kitchen table, $1,200 behind damaged drywall in the kitchen, $259 on a table in the living room, and $3,504 in a bedroom. (ROA.152). The presentence report held Mr. Johnson accountable for all of the cash and then converted it into additional crack cocaine. (ROA.152). Mr. Johnson objected and argued that he should only be held accountable for the money in his pocket and on the kitchen table. (ROA.169). In response, the PSR addendum listed the relevant-conduct criteria necessary to hold Mr. Johnson accountable for another individual's drug sales. (ROA.217) (citing U.S. SENTENCING COMM'N,

2

GUIDELINES MANUAL § 1B1.3 cmt. n.3(D) (Nov. 1, 2018)).  "As such," the addendum concluded, "the probation officer maintains the position that Johnson should be held accountable for a total of $7,809 in drug proceeds."  (ROA.217).  The district court adopted this analysis at sentencing.  (ROA.125).

Mr. Johnson successfully challenged that conclusion on appeal.  He faulted the district court for failing to support its relevant-conduct determination with the necessary findings of fact.  *See United States v. Johnson*, 812 F. App'x 252, 252 (5th Cir. 2020); *see also* (ROA.79-81).  This Court agreed.  "The district court," it explained, "did not make an express finding whether Johnson was directly or indirectly responsible for the disputed currency."  (ROA.80).  Moreover, "the district court's rationale for its relevant-conduct determination is not implicit in its adoption of the Addendum to the Presentence Report, which made none of the factual findings required to hold Johnson accountable for jointly undertaken criminal activity."  (ROA.80) (citing *United States v. Smith*, 13 F.3d 860, 864-65 (5th Cir. 1994); *United States v. Evbuomwan*, 992 F.2d 70, 74 (5th Cir. 1993)).

This Court vacated the sentence and remanded for additional findings.  It instructed the "the district court to determine the amount of currency for which Johnson was directly or indirectly responsible . . . and to provide the factual findings

required to support its decision." (ROA.81) (citing FED. R. CRIM. P. 32(i)(3)(B); USSG § 1B1.3(a)(1)(A)-(B) & cmt. n.3; *United States v. Zapata-Lara*, 615 F.3d 388, 391 (5th Cir. 2010)). The mandate matched these instructions. (ROA.77) ("It is ordered and adjudged that the judgment of the District Court is vacated, and the cause is remanded to the District Court for further proceedings in accordance with the opinion of this Court."). Although brief, the opinion provided some additional guidance to the district court. "To hold Johnson indirectly accountable . . . for third-party drug sales," it noted, "the district court was required to find" three facts. (ROA.80) (citing USSG § 1B1.3(a)(1)(A)-(B) & cmt. n.3(B)-(D)). First, the district court must conclude that Mr. Johnson "agreed to participate jointly in drug sales with a third party." (ROA.80) (citing USSG § 1B1.3(a)(1)(A)-(B) & cmt. n.3(B)-(D)). Second, the district court must also find that "the drug sales at issue were within the scope of that joint activity." (ROA.80) (citing USSG § 1B1.3(a)(1)(A)-(B) & cmt. n.3(B)-(D)). Third, the district court must then find that Mr. Johnson "could have reasonably foreseen the quantity of drugs represented by those sales in connection with the joint undertaking." (ROA.80) (citing USSG § 1B1.3(a)(1)(A)-(B) & cmt. n.3(B)-(D)).

## II. On remand, the district court copy-pasted the relevant legal criteria from this Court's opinion and restated those criteria as factual findings.

The district court issued a one-page order. It held Mr. Johnson "indirectly responsible" for all of the money recovered during the search, and for support, offered the "following findings of fact." (ROA.82). Mr. Johnson, the district court found, "agreed to participate jointly in drug sales with a third party." (ROA.82). Second, "[t]he drug sales at issue were within the scope of that joint activity." (ROA.82). Third, Mr. Johnson "could have reasonably foreseen the quantity of drugs represented by those sales in connection with the joint undertaking." (ROA.82). The order does not reference the PSR, addendum, or any other evidence elsewhere in the record. *See* (ROA.82).

## III. The district court refused to develop the record any further than that.

Mr. Johnson asked for something more specific. He pointed to this Court's mandate and argued that the one-page order failed to comply. (ROA.83-85). It merely "restate[d] the relevant-conduct criteria as factual conclusions," but "[w]ithout reference to underlying facts," Mr. Johnson argued that those so-called "findings" were meaningless. (ROA.83-84). They amounted to nothing more than "bare assertions," none of which were sufficient to support the district court's ultimate

relevant-conduct determination. (ROA.84) (quoting *United States v. Hearns*, 845 F.3d 641, 651 (5th Cir. 2017)). Mr. Johnson pointed out the lack of helpful evidence elsewhere in the record, (ROA.84-85), and asked the district court to commission "a second addendum" from the local probation office, (ROA.87). That office, he explained, "has access to relevant investigative reports from both state and federal agencies." (ROA.87). It was "thus in the best position to carry out" this Court's instructions, which required the district court "to make complex factual findings." (ROA.87).

The government disagreed. The district court, it argued, had "made the precise findings" necessary to support its relevant-conduct conclusion. (ROA.89). It then pointed to the initial PSR's description of the offense. *See* (ROA.89). That description, it asserted, provided support for the district court's findings on remand. (ROA.89).

The district court sided with the government. In another one-page order, it denied Mr. Johnson's motion. (ROA.94). It did, however, issue an amended order concerning another issue. (ROA.93). The amended order again restated Mr. Johnson's indirect responsibility for the entirety of the cash recovered during the search, and for support, copy-pasted this Court's recitation of the applicable criteria

as factual findings. (ROA.93). The initial order had converted that cash into 246.08 grams of crack cocaine, (ROA.82), but in doing so, the district court used a different conversion rate than the one applied at the original sentencing hearing, (ROA.85-86, 90-91). Both parties agreed that this was a mistake, and the district court accounted for the error in its amended order by using the correct rate. (ROA.93). It then issued a second judgment reinstating the same 105-month term of imprisonment initially imposed. (ROA.95-98).

## SUMMARY OF THE ARGUMENT

One way or another, this Court should reverse. It previously remanded Mr. Johnson's case with instructions to specify a relevant-conduct rationale and to support that conclusion with necessary facts. In a one-page order, the district court specified a theory of responsibility, but for support, simply refashioned the applicable criteria as a series of conclusory assertions. As this Court has reputedly recognized, such assertions are effectively meaningless, and by refusing to show its work yet again, the district court ignored an explicit instruction and failed to implement the letter and spirit of this Court's earlier opinion. If this Court finds that the one-page order complied with its mandate, the district court's conclusory findings nevertheless constitute clear error.

ARGUMENT

I.    **The district court did not comply with the mandate.**

   a.  **Standard of review:  this Court will apply the *de novo* standard to Mr. Johnson's initial claim on appeal.**

Mr. Johnson contests the "district court's application of the remand order." *See United States v. Carales-Villalta*, 617 F.3d 342, 344 (5th Cir. 2010) (citing *United States v. Pineiro*, 470 F.3d 200, 204 (5th Cir. 2006)).  The district court, he argued below, had been ordered "to make complex factual findings" but instead simply restated the applicable criteria as fact.  (ROA.83-85, 87).  This, he claimed, was insufficient, and to comply with this Court's mandate, he asked the district court to receive additional evidence.  (ROA.83-85, 87).  The district court refused, but Mr. Johnson thereby preserved the same claim for appeal.  (ROA.94).  This Court will "review *de novo* whether the [district] court faithfully and accurately applied" its "instructions on remand." *League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 675 F.3d 433, 437-38 (5th Cir. 2012) (quoting *Sobley v. S. Natural Gas Co.*, 302 F.3d 325, 332 (5th Cir. 2002)).

**b. The district court was ordered "to provide the factual findings required to support its" relevant-conduct conclusion. It instead restated the legal criteria as facts and refused to develop the record any further than that. The mandate required more, and this Court should reverse.**

To comply with the mandate, the district court had to follow two rules. First, it was required to "implement both the letter and spirit of" this Court's instructions. *United States v. Teel*, 691 F.3d 578, 583 (5th Cir. 2012) (quoting *United States v. McCrimmon*, 443 F.3d 454, 459 (5th Cir. 2006)). Second, it could not "disregard" this Court's "explicit directives." *Id.* (quoting *McCrimmon*, 443 F.3d at 459). If it broke either rule, this Court should reverse. *See League of United Latin Am. Citizens,* 675 F.3d at 439-40.

How have other courts complied with these rules in similar cases? Some develop the record on remand to fill in the gaps that led to reversal in the first place. Take, for example, the prosecution of Euneisha Hearns. A jury convicted Ms. Hearns for conspiring to commit bank fraud, and the PSR held her responsible for losses associated with ten real-estate properties. *United States v. Hearns*, 845 F.3d 641, 644-45 (5th Cir. 2017). The government alleged one of the properties as the object of the conspiracy and put on evidence concerning three others at trial. *Id.* at 650-51. The PSR asserted that the remaining properties "involved fraud in the mortgage loan

process" but "otherwise provided no information or evidence to support the loss amounts or Hearns's involvement in the other transactions." *Id.* The district court nevertheless adopted these conclusory findings at sentencing, and this Court reversed. *Id.* at 651-62. On remand, the district court received additional evidence, which led it to find that Ms. Hearns "had prepared and submitted mortgage loan applications for the six properties at issue." *United States v. Hearns*, 713 F. App'x 276, 277 (5th Cir. 2017). The newly developed evidence also indicated that the applications contained "material misrepresentations about the borrowers' finances," that the borrowers had not supplied the false information, and that Ms. Hearns knew that the applications contained material falsehoods. *Id.* On the strength of this evidence, the district court could "plausibly infer that" Ms. Hearns "submitted those loan applications knowing that they contained materially false information." *Id.* The new evidence also allowed this Court to affirm on the merits following a second appeal. *Id.*

The district court did almost the exact opposite here. On remand, it found Mr. Johnson indirectly responsible for the entirety of the cash recovered during the search, (ROA.93), but thereby addressed only part of this Court's mandate, *see* (ROA.81) (citing FED. R. CRIM. P. 32(i)(3)(B); USSG § 1B1.3(a)(1)(A)-(B) & cmt. n.3;

*United States v. Zapata-Lara*, 615 F.3d 388, 391 (5th Cir. 2010)). It *should have* also "provide[d] the factual findings required to support" that conclusion, *see* (ROA.81) (citing FED. R. CRIM. P. 32(i)(3)(B); USSG § 1B1.3(a)(1)(A)-(B) & cmt. n.3; *Zapata-Lara*, 615 F.3d at 391), but instead advanced a series of "bare assertions," *see Hearns*, 845 F.3d at 651 (quoting *United States v. Bernegger*, 661 F.3d 232, 242 (5th Cir. 2011)). These so-called "findings" simply refashioned the applicable relevant-conduct criteria, which it copy-pasted from this Court's opinion, as factual conclusions. *Compare* (ROA.80), *with* (ROA.93).

The district court's stubborn refusal to develop the record leaves everyone in the same position as before. After all, the assertion of a fact is not evidence thereof, and this Court has repeatedly rejected similar "findings" as conclusory. *See, e.g.*, *United States v. Barry*, 978 F.3d 214, 218 (5th Cir. 2020) (quoting *United States v. Rico*, 864 F.3d 381, 385 (5th Cir. 2017)); *United States v. Jones*, 475 F.3d 701, 705 (5th Cir. 2007) (quoting *United States v. Elwood*, 999 F.2d 814, 817-18 (5th Cir. 1993)). Such findings—those advanced without reference to underlying evidence—are meaningless on appeal, as "there is no way for this Court to know whether the" disputed claim "contains sufficient indicia of reliability." *See United States v. Narviz-Guerra*, 148 F.3d 530, 537 (5th Cir. 1998). In similar fashion, the district court's order

leaves important questions unanswered. The findings necessary to support its relevant-conduct conclusion "need not be expressly made," but their "meaning . . . must be clear." *United States v. Hammond*, 201 F.3d 346, 351 (5th Cir. 1999) (citing *United States v. Lghodaro*, 967 F.2d 1028, 1030 (5th Cir. 1992)). The district court's order is anything but. It found that Mr. Johnson "agreed to participate in drug sales with a third party" but failed to identify the individual or individuals in question or describe his, her, or their relationship to Mr. Johnson. *See* (ROA.93). The district court also found that the money recovered represented "drug sales . . . within the scope of that joint activity" but again provided no details to help define the scope of that agreement or how and when Mr. Johnson reached it with the other individual— or individuals—involved. (ROA.93). Last, the district court concluded that Mr. Johnson "could have reasonably foreseen the quantity of drugs represented by those sales in connection with the joint undertaking," but again, completely failed to support that conclusion with reference to any real-world evidence. (ROA.93).

Euneisha Hearns got a much closer look. In *Hearns I*, this Court reversed a relevant-conduct determination as conclusory and diagnosed various evidentiary failures. 845 F.3d at 650-51. "Nothing in the record," for example, "reflect[ed] when the six . . . transactions occurred, whether criminal activity was associated with

the transactions, or whether Hearns was involved in them." *Id.* at 651. On remand, the district court addressed these gaps in the record by receiving additional evidence and advancing findings based on those newly available facts. *Hearns*, 713 F. App'x at 277. The expanded record allowed this Court to review on the merits and to affirm the sentence imposed. *Id.* Had the district court done something similar here, it may have complied with this Court's mandate.

It did not. At the outset, the district court *should have* "provide[d] the factual findings required to support" its relevant-conduct determination. *See* (ROA.81) (citing Fed. R. Crim. P. 32(i)(3)(B); USSG § 1B1.3(a)(1)(A)-(B) & cmt. n.3; *Zapata-Lara*, 615 F.3d at 391). It instead advanced a series of "bare assertions," none of which make sense on their own. *See Hearns*, 845 F.3d at 651 (quoting *Bernegger*, 661 F.3d at 242); *see also* (ROA.93). In turn, the district court had an opportunity on remand to specify "the rationale" underlying its relevant-conduct ruling by tying its findings to evidence in the record or by developing additional evidence. *See* (ROA.80) (citing *Zapata-Lara*, 615 F.3d at 391; *United States v. Hooten*, 942 F.2d 878, 882 (5th Cir. 1991)). Doing so would have clarified the "meaning" of its conclusion, *Hammond*, 201 F.3d at 351 (citing *Lghodaro*, 967 F.2d at 1030), but again, the district court came up short. Although its one-page order specifies a theory of relevant

13

conduct, the conclusory assertions advanced as findings raise more questions than they answer. *See* (ROA.93).

This Court should reverse. For starters, the district court failed to sufficiently develop the factual record on remand and thereby "disregard[ed]" an "explicit directive" from this Court. *See Teel*, 691 F.3d at 583 (quoting *McCrimmon*, 443 F.3d at 459). Although ordered to do so, this district court neither engaged the previously compiled record nor developed additional evidence to support its relevant-conduct conclusion. The district court instead restated the applicable criteria as a series of facts, *see* (ROA.93), but as this Court has recognized repeatedly, such conclusory "findings" are useless on appeal, *see Hearns*, 845 F.3d at 651 (quoting *Bernegger*, 661 F.3d at 242). This Court "could not have been more clear" about what it expected on remand, but the district court ignored its instructions. *See Boeta v. Federal Aviation Administration*, 736 F. App'x 453, 456-57 (5th Cir. 2018). This it cannot do. *See id.*

In similar fashion, the district court failed to "implement . . . the letter and spirit of" the mandate. *See Teel*, 691 F.3d at 583 (quoting *McCrimmon*, 443 F.3d at 459). This Court recognized a similar error in *League of United Latin American Citizens, District 19 v. City of Boerne*. There, the district court signed off on a modified consent decree about voting rights, but this Court remanded after finding that "the record

14

'provided an insufficient basis . . . to determine that modification was warranted.'"

*See League of United Latin Am. Citizens*, 675 F.3d at 437 (quoting *League of United Latin*

*Am. Citizens, Dist. 19 v. City of Boerne*, 659 F.3d 421, 440 (5th Cir. 2011)). This Court

ordered the district court to supplement the factual record on remand, but instead,

the district court simply entered a temporary modification based "upon a single

affidavit and an otherwise undeveloped record." *Id.* at 438. The post-remand

proceedings "bore little resemblance to those mandated" by this Court's prior

opinion, and as a result, it reversed again. *Id.* (quoting *Carales-Villalta*, 617 F.3d at

344). This case warrants the same. "[T]he analysis set out" in the district court's

one-page order was "broad, conclusory, and unsupported by the . . . record," *see*

*United States ex rel. Little v. Shell Exploration, Prod. Co.*, 602 F. App'x 959, 966 (5th Cir.

2015), and its bizarre post-remand procedure renders the order effectively

meaningless. Mr. Johnson deserves better, and this Court should reverse.

## II. If the district court complied with the mandate, this Court should nevertheless reverse on the merits.

### a. Standard of review: this Court will apply the clear-error standard to Mr. Johnson's second claim on appeal.

Relevant-conduct determinations at sentencing are factual findings, and this

Court applies the clear-error standard to preserved factual disputes. *See United States*

*v. Angulo*, 772 F. App'x 70, 71 (5th Cir. 2019) (citing *United States v. Williams*, 610 F.3d

271, 292 (5th Cir. 2010); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir.

2008)). Mr. Johnson objected in writing to the PSR's relevant-conduct conclusion

prior to his initial sentencing hearing, (ROA.169), and advanced the same objection

on remand, (ROA.83-85, 87). He thereby preserved the issue for appeal. *See United

States v. Rodriguez-Leos*, 953 F.3d 320, 326 (5th Cir. 2020).

### b. The district court's findings on remand were conclusory and cannot withstand clear-error review.

Bare assertions of fact cannot survive clear-error review. As a rule, factual

findings at sentencing "are not clearly erroneous as long as they are 'plausible in light

of the record as a whole.'" *United States v. Ortiz*, 613 F.3d 550, 557 (5th Cir. 2010)

(quoting *United States v. Rhine*, 583 F.3d 878, 885 (5th Cir. 2009)). Plausibility is

impossible to gauge, however, when the district court adopts a "bare assertion." *See

Hearns*, 845 F.3d at 651 (quoting *Bernegger*, 661 F.3d at 242). The disputing finding—

a fact asserted without reference to underlying evidence—necessarily "lack[s] . . .

sufficient indicia of reliability" and warrants reversal on that basis. *See id.* at 651-52.

Even if it complied with the mandate, the district court clearly erred. It

refashioned the relevant conduct criteria as a series of facts, and from there,

concluded that Mr. Johnson was indirectly responsible for all of the money recovered

during the search. (ROA.93). The district court neither referred back to the previously compiled record nor pointed out new evidence to support its so-called "findings." *See* (ROA.93). Without further development and in the absence of supporting facts, those findings "lack an evidentiary basis with sufficient indicia of reliability," and this Court should reverse the relevant-conduct conclusion. *Hearns*, 845 F.3d at 651-52.

Other evidence in the record cannot save the day. Sure enough, the police arrested Mr. Johnson during a search at the target residence, and the preceding investigation, which included several controlled purchases and surveillance, led officers to conclude that *someone* was using the home to deal drugs. (ROA.151). The police had not identified Mr. Johnson as a suspect prior to the search, *see* (ROA.166, 216), but discovered him in the kitchen during its execution, (ROA.151). The police then found $2,015 in Mr. Johnson's pocket and another $5,794 "in various locations throughout the residence." (ROA.152). These undisputed facts certainly establish Mr. Johnson's presence at a trap house on a single occasion but shed no light on the identity of his unnamed associates, the scope of their agreement to break the law, or the foreseeability of the drug sales represented by the cash recovered.

The Guidelines Manual requires more. In a series of helpful illustrations, it fleshes out the meaning of "jointly undertaken criminal activity." *See* USSG § 1B1.3 cmt. n.4(C). A drug dealer who shares a source of supply with other dealers and knows of their activity "in the same geographic area" is not thereby "engaged in a jointly undertaken criminal activity" with the other dealers, so long as they "operate independently." *See* USSG § 1B1.3 cmt. n.4(C). In contrast, "another street-level drug dealer" *is* involved in a joint activity if he "pools his resources and profits with four other" criminals doing the same thing. *See* USSG § 1B1.3 cmt. n.4(C). Where Mr. Johnson falls along this spectrum is impossible to say. The investigative record compiled prior to sentencing was sparse, *see* (ROA.151-52, 216-17), and the district court refused to develop it any further on remand, *see* (ROA.94).

This Court's authority likewise establishes the error below. For one, "the reasonable foreseeability of all drug sales does not automatically follow from membership in a conspiracy," and this Court will reverse a relevant-conduct conclusion based on that improper inference. *See, e.g.*, *United States v. Valdez*, 453 F.3d 252, 265-66 (5th Cir. 2006) (quoting *United States v. Wilson*, 116 F.3d 1066, 1077 (5th Cir. 1997)). Although not exactly clear, the district court's foreseeability finding appears to do just that. Mr. Johnson's presence at a trap house on one occasion, the

district court seemingly reasoned, means he was working with other dealers using the same home and therefore on the hook for all of the drugs those unnamed associates dealt. Absent additional evidence, this inference fails and cannot withstand clear-error review. *See id.*

The likely inference underlying the district court's scope-of-the-agreement finding falls apart for the same reason. The district court appears once again to infer from Mr. Johnson's presence on the night of the search a global agreement with all other dealers using the residence to sell all other drugs, but this Court has rejected similar evidence as insufficient to establish the same. In *United States v. Smith*, for example, the government charged a defendant named Byron Phillips with a trio of drug crimes after referring an undercover officer to a crack dealer named Sheila Smith. 13 F.3d 860, 862 (5th Cir. 1994). At the time of the offense, Ms. Smith was dealing from the front porch of a house. *Id.* The undercover officer drove by the house and stopped after being "flagged down" by Mr. Phillips. *Id.* The officer indicated his interest in crack cocaine, and Mr. Phillips referred him to Ms. Smith. *Id.* The officer approached Ms. Smith but encountered two competing crack dealers on the same porch. *Id.* All three offered to sell, and the officer bought two grams from Ms. Smith after Mr. Phillips "vouched for" the quality of her wares. *Id.* The officer

then moved to arrest Mr. Phillips, Ms. Smith, and the two other dealers, but all four ran into the home. *Id.* The officer followed them inside, made his arrests, and found an additional four grams of cocaine base. *Id.* At sentencing, the district court held Mr. Phillips responsible for the additional four grams found in the house, but this Court reversed on appeal. *Id.* at 862-63. 866-67. "That Phillips agreed to conspire with Smith to distribute [two] grams of cocaine is indisputable," but more evidence was necessary to support the district court's decision to hold him accountable for the additional drugs. *Id.* at 867-68. To be sure, this Court focused primarily on the district court's failure to make necessary findings to support its relevant-conduct conclusion but also referred to the "lack of necessary evidence" as a basis for reversal. *See id.* at 867-68. "From the record," this Court explained, "we can tell nothing more than that Phillips conspired with Smith for a limited purpose, to assist in finding a customer for her on one occasion in exchange for some crack cocaine for his own use." *Id.* at 868. From those facts, the district court could not infer an expanded agreement that included other drugs, but on remand, the district court did just that on even less evidence.

This Court should not dismiss the error as harmless. As it stands, Mr. Johnson is on the hook for the entirety of the proceeds recovered. (ROA.93, 151-

52).  This conclusion put his base offense level at 26, which resulted in an advisory range of 84 to 105 months.  *See* (ROA.125).  If the district court had sustained Mr. Johnson's relevant-conduct objection, the advisory range would have been lower. (ROA.123).  It did not and instead imposed a sentence at the high end of the suggested range.  (ROA.135).  It imposed the same term of imprisonment on remand, (ROA.95-96), but never indicated—either at the original sentencing or on remand—that it would have imposed the same sentence no matter the advisory range.  Given this fact, the government cannot prove that the error was harmless, and this Court should reverse.  *United States v. Franco-Galvan*, 864 F.3d 338, 344 (5th Cir. 2017) (citing *United States v. Huskey*, 137 F.3d 283, 289 (5th Cir. 1998)).

## Conclusion

Mr. Johnson respectfully requests this Court to vacate the judgment and remand for resentencing.

Respectfully submitted,

/s/ Taylor Wills Edwards "T.W." Brown
**Taylor Wills Edwards "T.W." Brown**
Assistant Federal Public Defender
Northern District of Texas
P.O. Box 17743
819 Taylor Street, Room 9A10
Fort Worth, TX 76102
(817) 978-2753
Taylor_W_Brown@fd.org
Texas Bar No. 24087225

## CERTIFICATE OF FILING AND SERVICE

On December 23, 2020, I filed this brief using the Court's electronic filing system. This system sent an electronic notice to opposing counsel at leigha.simonton@usdoj.gov. I will also send a copy of the brief via first-class mail to Donald Ray Johnson, Reg. No. 58435-177, Texas Department of Criminal Justice – Formby Unit, 998 County Road AA, Plainview, TX 79072. The electronic submission is an exact copy of the corresponding paper document. I have made required privacy redactions. I also scanned this document for viruses and found it to be virus free.

/s/ Taylor Wills Edwards "T.W." Brown
**TAYLOR WILLS EDWARDS "T.W." BROWN**

**CERTIFICATE OF COMPLIANCE**

This brief complies with all limitations found in the Federal Rules of Appellate Procedure. It does not exceed 30 pages in length and contains only 4,625 words. It was prepared in Microsoft Word using the proportionally spaced typeface Garamond. The font is a 14-point size. I understand that a material misrepresentation in completing this certificate may result in the Court striking the brief and imposing sanctions.

/s/ Taylor Wills Edwards "T.W." Brown
**TAYLOR WILLS EDWARDS "T.W." BROWN**